IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:17-cr-450-B (1) |
| TAMMY BOULYAPHONH also known | § | |
| as Tammy Doan also known as Tuyet | § | |
| Thi Doan, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

### Background

Defendant Tammy Boulyaphonh has been found guilty by a jury of Conspiracy to Defraud the United States in violation of 18 U S C § 371 and False Statements on Income Tax Returns in violation of 26 U.S.C. § 7206(1). *See* Dkt. No. 106.

Under 18 U.S.C. § 3143(a)(1), United States District Judge Jane J. Boyle made a finding that the verdict of guilty constituted a "change in circumstances" that made it proper to revoke Mrs. Boulyaphonh's pretrial release and placed her in the custody of the United States Marshals pending sentencing.

Defendant has filed a Motion for Release Pending Sentencing, in which she explains that she

> was charged in a five-count Superseding Indictment along with her co-defendant. Count One charged her with Conspiracy to Defraud the United States, violation of 18 U.S.C. § 371 and Counts Two through Five charged her with False Statements on Income Tax Returns, violation of 26 U.S.C. § 7206(1).
>
> Since the pendency of this case, Mrs. Boulyaphonh has been on pretrial release since September 6, 2017, more than 2.5 years, and has

met all the terms of that release in exemplary fashion. Upon initial pretrial release, Mrs. Boulyaphonh was placed on the location restriction program, with the use of Global Positioning Satellites (GPS). However, on May 1, 2019, Pretrial Services filed their Request for Modification of Conditions of Pretrial Release (Doc. 51) requesting that the GPS monitoring be removed from Mrs. Boulyaphonh as Pretrial Services believed that she would continue to comply with her conditions bond. The Court granted this request and Mrs. Boulyaphonh remained on pretrial release without GPS monitoring. Mrs. Boulyaphonh has made every court appearance as required.

On February 10, 2020, a jury trial commenced against Mrs. Boulyaphonh on all five counts. After a period of deliberations, the jury returned verdicts of guilty on all five counts against Mrs. Boulyaphonh. At that time, this Court made a finding that the verdict of guilty constituted a "change in circumstances" such that made it proper to revoke Mrs. Boulyaphonh's pretrial release and placed her in the custody of the United States Marshals pending sentencing.

....

Circumstances support Mrs. Boulyaphonh's continued release, and this Court should revoke the order of detention in her case and to permit her to remain on supervision until judgment and sentence is imposed. Additionally, undersigned counsel's best estimate at this time is that Mrs. Boulyaphonh sentencing guideline range is $27-33$ months. Furthermore, the co-defendant, Mr. Boulyaphonh, plead guilty on February 8, 2020 and remains out, pending sentencing.

....

The Bail Reform Act, 18 U.S.C. § 3141 et seq., provides for the release of a defendant pending sentencing or appeal. Section 3143 of that Act permits the release of a defendant pending sentencing if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a).

....

The Government has never alleged, nor has any evidence shown that Mrs. Boulyaphonh is a flight risk if released. Mrs. Boulyaphonh is a naturalized U.S. citizen and does not possess a passport. She has appeared promptly to each and every court appearance. She has conducted herself respectfully and professionally at every setting and has been an exemplary defendant, remaining in compliance of the requests of her supervision officer.

Further, Mrs. Boulyaphonh is willing to agree to any combination of curfew, GPS monitoring, or home confinement the court feels appropriate to assure her continued compliance and appearance at future

court settings.

....

It is likewise true that the Government has made no allegation, nor has any evidence been produced to show that Mrs. Boulyaphonh's release would constitute a danger to the community. The crimes for which Mrs. Boulyaphonh has been convicted stemmed from her participation between 2010 and 2013. Because the activity for which she is charged took place over seven years ago, and because there is no indication that any sort of illegality has occurred since those dates, it does not logically follow that releasing Mrs. Boulyaphonh now would risk any continued illegal activity. Additionally, Mrs. Boulyaphonh suffers from diabetes, high blood pressure and kidney infections and is under the care of a physician for each.

Mrs. Boulyaphonh is well aware that any violation of her pretrial, or presentence release would only serve to greatly damage her chances at appeal and would also lead to her sentence being much more severe than it would be otherwise.

In sum, Mrs. Boulyaphonh has much to lose and little to gain by failing to maintain her exemplary performance on pretrial – or presentence – release. These considerable disincentives for flight as well as the additional exceptional reasons that make this case unique make Mrs. Boulyaphonh's detention pending sentencing unnecessary and inappropriate.

....

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Honorable Court to grant this Motion and revoke the order of detention in her case [and] respectfully requests this Court to allow her to be released on conditions pending her final sentencing.

Dkt. No. 109 at 1-4.

Judge Boyle referred this motion to the undersigned magistrate judge for hearing, if necessary, and determination. *See* Dkt. No. 110.

Defendant is now set for sentencing before Judge Boyle on May 28, 2020. *See* Dkt. No. 108.

The government opposes release pending sentencing. The Court held a hearing on the motion on February 20, 2020, at which Defendant appeared in person and

through counsel and the government's counsel appeared.

## Legal Standards

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). "A convicted defendant has no constitutional right to bail. Thus, as the parties acknowledge, any putative right to bail derives from 18 U.S.C. § 3143, which establishes a presumption against its being granted." *United States v. Obis*, 450 F.3d 583, 585 (5th Cir. 2006) (citations and internal quotation marks omitted).

Release of "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" pursuant to Section 3143(a)(1) requires that "the judicial officer find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the

person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)).

Absent such a finding – which requires the defendant's release under 18 U.S.C. § 3142(b) or (c) – the convicted defendant "shall ... be detained" while "awaiting imposition or execution of sentence." 18 U.S.C. § 3143(a)(1) ("Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)."); *accord United States v. Abdullah*, No. 01-11219, 281 F.3d 1279 (table), 2001 WL 1692455, at *1 (5th Cir. Nov. 26, 2001).

As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she is not a flight risk or a danger to the community. *See* FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.");

*United States v. Locket*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013). And another Court of Appeals has explained that "18 U.S.C. § 3143(a)(1) creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance," and that "[only if a defendant clears these high procedural hurdles is he entitled to release pending sentencing." *United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004). "Among factors the district court should consider in determining whether to grant a convicted defendant's motion for release pending sentencing are those factors enumerated in 18 U.S.C. § 3142(g) governing pretrial release." *United States v. Majors*, 932 F. Supp. 853, 855 (E.D. Tex. 1996) (citing *United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988)).

## Analysis

Consistent with Judge Boyle's decision after the jury verdict, courts routinely discount compliance with pretrial release conditions when deciding on presentencing release because "'[s]omething has changed since trial; Defendant is no longer presumed innocent but is guilty of the counts of conviction. His [or her] legal status has changed, increasing his [or her] incentive to flee.'" *United States v. Adenuga*, No. 3:12-cr-313-P, 2014 WL 349568, at *5 (N.D. Tex. Jan. 31, 2014) (quoting *United States v. Jinwright*, No. 3:09-cr-67-W, 2010 WL 2926084 (W.D.N.C. July 23, 2010)). "This change in legal status removes the possibility that the defendant might avoid criminal punishment – subject to appeal – which increases his incentive to flee." *United States v. Patel*, No. CR

13-286, 2016 WL 80566, at *2 (E.D. La. Jan. 7, 2016) (citing *United States v. Garcia Garcia*, 727 F. Supp. 318, 320 (N.D. Tex. 1989), as "concluding that once a defendant has been convicted '[t]he hope for leniency or victory at trial no longer exists to counterbalance the incentive to avoid criminal punishment by fleeing the jurisdiction'").

The fact, then, that Defendant complied with the terms of her pretrial release does not, in and of itself, clearly and convincingly show that Defendant is not a flight risk post-conviction, even though Defendant has appeared for court and remained compliant on release – with one exception – and was successfully stepped down from location monitoring and home detention conditions in May 2019.

And proving by clear and convincing evidence that she is not likely to flee or pose a danger to the community if released, after having been convicted, is a heavy burden, but, for the reasons that the Court explained at the hearing, it is a burden that the Court finds that Defendant has met it.

Defendant is a naturalized citizen, has no passport or other international travel document or history of failing to appear for court, and has an incentive to stay in place and receive her required medical treatment. There is no evidence of her committing additional criminal conduct while on release in this case other than the state charge of which the Court was already aware and on which the Court, on the recommendation of pretrial services, took no action. *See* Dkt. No. 55.

In short, for the reasons explained in Defendant's motion and at the hearing, the Court finds that Defendant has shown by clear and convincing evidence that she is not

likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c), and, more specifically, on her existing conditions of release set by the Court's September 6, 2017 Order Setting Conditions of Release [Dkt. No. 8], as later modified – with the additional conditions that

(1) Defendant must submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided and that Defendant is subject to the location restriction program – and must comply with its requirements as directed – of home incarceration, under which she is restricted to 24-hour-a-day lock-down at her residence, except for medical necessities and medical appointments, attorney visits, and court appearances, and any other activities that may later be specifically approved in advance by the court, and

(2) Defendant must not open any new line of credit or obtain any loan or other financing without advance approval of the Court.

The Court finds that, with these additional conditions, even considering the incentives that otherwise follow from a guilty verdict to flee or fail to appear for sentencing, the evidence clearly and convincingly establishes that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released pending sentencing.

## Conclusion

For these reasons, the Court GRANTS Defendant Tammy Boulyaphonh's Motion for Release Pending Sentencing [Dkt. No. 109].

SO ORDERED.

DATED: February 20, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE