UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | CRIMINAL NO. 3:17-CR-0450-B-1 |
| § | |
| TAMMY BOULYAPHONH, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tammy Boulyaphonh's Motion for Compassionate Release (Doc. 196). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

After Boulyaphonh was found guilty by a jury of one count of conspiracy to defraud the United States and four counts of making false statements on income tax returns, the Court sentenced her to thirty-seven months of imprisonment and one year of supervised release. Doc. 149, J., 1–3. Boulyaphonh is currently housed at the Eden Detention Center. Doc. 196, Def.'s Mot., 1. Her scheduled release date is February 17, 2023.[1]

On December 29, 2020, Boulyaphonh filed the pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the grounds that she has medical issues that increase her risk

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

of contracting COVID-19. Doc. 196, Def.'s Mot., 1.

Because Boulyaphonh has not demonstrated extraordinary and compelling circumstances warranting her release, and because the § 3553(a) sentencing factors weigh against her release, Boulyaphonh's request for compassionate release is **DENIED**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

*A.    Boulyaphonh Is Not Subject to the Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[2]

But because Boulyaphonh is currently housed at a non-BOP facility, "it appears that [she] is without any administrative remedy to exhaust." *United States v. Morales*, 2020 WL 2097630, at *2 n.1 (D. Conn. May 1, 2020) (citations omitted). *See also, e.g.*, *United States v. Dightman*, 2020 WL 4933597, at *2 (N.D. Tex. Aug. 21, 2020). Therefore, Boulyaphonh is not required to exhaust any administrative remedies at this time.

The Court recognizes that the Fifth Circuit has deemed § 3582's exhaustion requirement "mandatory." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). However, the BOP regulations provide that the BOP's administrative remedy program "does not apply to inmates confined in . . . non-federal facilities." 28 C.F.R. § 542.10(b). Moreover, in interpreting § 3582, the *Franco* court acknowledged that "warden" as defined by the BOP regulations includes chief executive officers (CEO) of *federal* facilities. *See Franco*, 973 F.3d at 468–69 (finding CEO of residential reentry center a "warden" within the meaning of the BOP regulations). Thus, this Court's holding that Boulyaphonh is not subject to the exhaustion requirement is not inconsistent with *Franco*.

Because Boulyaphonh is not subject to the exhaustion requirement, the Court proceeds to the merits of her motion.

---

[2] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of her compassionate-release request—irrespective of a denial. *See id.* at *5.

B.     *Boulyaphonh Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Considering the merits of Boulyaphonh's motion, the Court finds that Boulyaphonh has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[3] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g.*, *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11); *see also United States v. Rivas*, — F. App'x —, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"). The Court does the same here and concludes that Boulyaphonh has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

-4-

In support of her request for compassionate release, Boulyaphonh explains that she has "health problems" including "Acute abdominal pain, Allergy-induced asthma, Anemia, Back pain, constipation, Dyslipidemia, (HTN) hypertension, Poor vision, Upper abdominal pain of unknown etiology, (URI) upper respiratory infection, (UTI) urinary tract infection." Doc. 196, Def.'s Mot., 1. According to Boulyaphonh, "[d]ue to the coronavirus having a 70% more transmittable chance [she] can contract it a lot easier causing [her] to have more health problems or leading to death." *Id.*

Though Boulyaphonh provides medical records substantiating most if not all health conditions she alleges, Boulyaphonh has not demonstrated that these conditions constitute extraordinary and compelling circumstances warranting her release. Boulyaphonh does not allege that any of the medical conditions from which she suffers are uncontrolled. *See generally id.* Moreover, there is nothing before the Court that indicates Boulyaphonh is "substantially diminish[ed in her] ability . . . to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13 cmt. n.1.

C.     *The Section 3553(a) Factors Weigh Against Release.*

Finally, even if Boulyaphonh's medical conditions constituted extraordinary and compelling reasons warranting release, the Court must consider the sentencing factors set forth in § 3553, to the extent they are applicable. § 3582(c)(1)(A). And the Court is not persuaded that these factors support Boulyaphonh's request. Boulyaphonh was convicted of one count of conspiracy to defraud the United States and four counts of making false statements on income tax returns. Doc. 149, J., 1. Indeed, Boulyaphonh failed to report "substantial income in each of" four calendar years. Doc. 89, Superseding Indictment, 6.

Section 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). In Boulyaphonh's case, the Court found thirty-seven months of imprisonment appropriate to serve these goals. *See* Doc. 147, J., 2. With a statutory release date of March 14, 2023, approximately twenty-seven months—or seventy-five percent—of Boulyaphonh's sentence remains to be served. Compassionate release in this case would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also United States v. Thompson*, — F.3d —, 2021 WL 37493, at *3 (5th Cir. 2021) (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences"). The § 3553(a) factors weigh against Boulyaphonh's release. This is an independent justification to deny her motion.

## IV.

## CONCLUSION

Boulyaphonh's request for compassionate release under § 3582(c)(1)(A) fails because she has not demonstrated extraordinary and compelling reasons for compassionate release, and the § 3553(a) factors weigh against her release. For these reasons, the Court **DENIES** Boulyaphonh's motion (Doc. 196) **WITHOUT PREJUDICE**.

By denying Boulyaphonh's motion without prejudice, the Court permits Boulyaphonh to file a subsequent motion for compassionate release in the event she can provide evidence supporting a finding of extraordinary and compelling reasons for release and demonstrate that the § 3553(a) factors support her release. Moreover, should Boulyaphonh transfer to a BOP facility, she must exhaust her administrative remedies before filing another motion.

SO ORDERED.

SIGNED: January 7, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE