UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 3:17-CR-0450-B-1 |
| § | |
| TAMMY BOULYAPHONH, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tammy Boulyaphonh's Emergency Motion to Modify Sentence – Compassionate Release (Doc. 201). For the reasons that follow, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

A jury found Boulyaphonh guilty on one count of conspiracy to defraud the United States and four counts of making false statements on income tax returns. Doc. 149, J., 1. On July 29, 2020, she was sentenced to thirty-seven months of imprisonment and one year of supervised release. *Id.* at 1–3.

Boulyaphonh is currently fifty-two years old and is confined at Carswell Federal Medical Center (FMC), with a statutory release date of February 17, 2023.[1] As of March 16, 2021, Carswell

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

FMC has three active and 761 recovered cases of COVID-19.[2]

Boulyaphonh initially sought compassionate release on December 29, 2020, *see generally* Doc. 196, Def.'s Mot., but the Court denied her request because she had not demonstrated extraordinary and compelling reasons warranting her release, and the 18 U.S.C. § 3553(a) factors weighed against her release. Doc. 199, Mem. Op. & Order, 4–6.

Boulyaphonh now seeks compassionate release because she suffers from serious underlying medical conditions and, as a result, she argues, she is at a higher risk of severe illness if she contracts COVID-19. Doc. 201, Def.'s Mot., 2.

As explained below, the Court concludes that Boulyaphonh has not exhausted her administrative remedies, and waiver of the exhaustion requirement is not permitted. Thus, she is not eligible for a sentence reduction at this time. Alternatively, Boulyaphonh's release is not warranted by extraordinary and compelling reasons. Therefore, Boulyaphonh's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"

---

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/.

*United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be consistent with applicable policy statements issued by the Sentencing Commission. § 3582(c)(1)(A).

### III.

### ANALYSIS

A.   *Boulyaphonh Has Not Exhausted Her Administrative Remedies.*[3]

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendants behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 3582(c)(1)(A).[4]

Here, Boulyaphonh has not provided proof that she exhausted her administrative remedies. To the contrary, she acknowledges that "the government and the US Probation Office" will oppose her motion "on the grounds of not exhausting her remedies as mandated by the controlling statute." Doc. 201, Def.'s Mot., 1. But Boulyaphonh: (1) insinuates that she is not subject to the exhaustion requirement because she seeks a reduction of her sentence to time-served and an order for home confinement, *id.* (noting that her motion will be opposed on exhaustion grounds and stating that

---

[3] When deciding Boulyaphonh's initial request for compassionate release, the Court determined that because she was not housed in a federal facility, Boulyaphonh was not subject to the exhaustion requirement. Doc. 199, Mem. Op. & Order, 2–3. Now, as mentioned above, Boulyaphonh is housed at Carswell FMC, a federal facility. Thus, she is subject to § 3582(c)(1)(A)'s exhaustion requirement.

[4] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

"[f]or that reason," she seeks to "replace" her sentence with "an equal period [o]f home confinement including supervised release conditions"); and (2) argues that the Court should waive the exhaustion requirement. *Id.* at 2–3.

Boulyaphonh's arguments are unavailing. First, Boulyaphonh does not explain how the nature of the relief she seeks (*i.e.*, time-served and home confinement) alters § 3582(c)(1)(A)'s exhaustion requirement. And it does not. In fact, this Court is without authority to order home confinement. *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citations omitted). Rather, requests for home confinement are "properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)). Second, § 3582(c)(1)(A)'s exhaustion requirement is mandatory. *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020). Thus, the Court will not waive the exhaustion requirement.

Due to her failure to exhaust her administrative remedies, the Court **DENIES** Boulyaphonh's motion **WITHOUT PREJUDICE** to re-filing after she has exhausted her administrative remedies.

B.      *Irrespective of Exhaustion, Boulyaphonh Fails to Demonstrate Extraordinary Circumstances.*

Regardless of Boulyaphonh's failure to exhaust her administrative remedies, Boulyaphonh has not shown extraordinary and compelling reasons justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—sets forth three circumstances that are considered extraordinary and compelling reasons. *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) &

cmt. n.1.[5]

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g.*, *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is not "dispositive" but "guid[ing]"). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here and concludes that Boulyaphonh has not provided extraordinary and compelling reasons for release. *See* § 3582(c)(1)(A).

In support of her request for compassionate release, Boulyaphonh states that she has "high blood pressure, kidney stones, anemi[a], respiratory infection, [is] disoriented at times[, and has] an abnormal heart enlargement and kidney infection" which put her in the hospital in 2020. Doc. 201, Def.'s Mot., 2. She argues that these conditions "taken in concert with COVID-19 public health crisis, constitute an[] extraordinary and compelling reason to reduce [her] sentence . . . ." *Id.* The Court disagrees.

To the extent Boulyaphonh raises generalized concerns about the COVID-19 pandemic,

---

[5] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

these are not extraordinary and compelling circumstances warranting her release. Although the Court acknowledges that the COVID-19 pandemic is unprecedented, its effect on the nation does not demonstrate extraordinary circumstances specific to Boulyaphonh. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements").

With respect to Boulyaphonh's personal circumstances, the Court does not find that her medical conditions rise to the level of extraordinary and compelling. First, Boulyaphonh provides no medical records to substantiate any of the conditions she alleges. Absent proof of these conditions, the Court declines to find that they are extraordinary and compelling circumstances warranting Boulyaphonh's release. Second, even if Boulyaphonh substantiated her alleged conditions with medical records, the Court would nonetheless find that they are not extraordinary and compelling. Boulyaphonh has not alleged that any of these conditions are out of control, or that any of them cause her to be substantially diminished in her ability to provide self-care at Carswell FMC. § 1B1.13 cmt. n.1; *see also generally* Doc. 201, Def.'s Mot.

Thus, aside from the exhaustion issue, Boulyaphonh's motion fails because she has not shown extraordinary and compelling reasons for her requested relief. *See* § 3582(c)(1)(A).

C.   *The § 3553(a) Factors Weigh Against Release.*

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must also consider the factors of § 3553(a). The Court reminds Boulyaphonh that it assessed the § 3553(a) factors in reviewing her first request for compassionate release and determined they weighed against her release. *See* Doc 199, Mem. Op. & Order, 5–6. Such analysis remains unchanged today.

IV.

CONCLUSION

Boulyaphonh's request for compassionate release under § 3582(c)(1)(A) fails because she has not proved exhaustion of her administrative remedies. Moreover, Boulyaphonh's present motion does not demonstrate extraordinary and compelling reasons for compassionate release. Finally, as they did in January 2021, the § 3553(a) factors weigh against release. For all of these reasons, the Court **DENIES** Boulyaphonh's motion (Doc. 201) **WITHOUT PREJUDICE**.

By denying Boulyaphonh's motion without prejudice, the Court permits Boulyaphonh to file a subsequent motion for compassionate release in the event she can: (1) satisfy the exhaustion requirement, (2) provide information supporting a finding of extraordinary and compelling reasons for release, and (3) demonstrate that the § 3553(a) factors weigh in favor of her release.

SO ORDERED.

SIGNED: March 18, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE